# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

              Plaintiff,    :    Case No. 1:02-cr-089
                                          Also 1:16-cv-584

                                          District Judge Susan J. Dlott
   -  vs  -                              Magistrate Judge Michael R. Merz

JASON COSTELLO,

              Defendant.    :

---

## SECOND SUPPLEMENTAL REPORT AND RECOMENDATIONS

---

This case is before the Court on Defendant's Objections (ECF No. 58) to the Magistrate Judge's Supplemental Report and Recommendations which recommended that this case be dismissed with prejudice ("Report," ECF No. 55). Judge Dlott has recommitted the case for reconsideration in light of the Objections (ECF No. 58).

Defendant claimed in the Memorandum in Support of his Amended Motion to Vacate under 28 U.S.C. § 2255 that his sentence as a career offender under the Sentencing Guidelines must be vacated because the relevant portion of the Guidelines was unconstitutionally vague (ECF No. 43, PageID 43-46, relying on *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016). As the Report noted, that argument is now untenable because the Supreme Court has decided *Beckles v. United States*, 197 L. Ed. 2d

1

145 (2017), holding "the [Sentencing] Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in §4B1.2(a)(2) therefore is not void for vagueness." *Id.* at *11. On the basis of *Beckles*, the Magistrate Judge recommended dismissal with prejudice (Report, ECF No. 52).

Costello objectsedthat *Beckles* only applies to the Sentencing Guidelines after they were made advisory in *United States v. Booker*, 543 U.S. 220 (2005), and notes that he was sentenced in 2003 under the mandatory Guidelines regime before *Booker* (Objections, ECF No. 53, PageID 102). Therefore, he claims, the "rationale in *Beckles* is inapplicable to this case. Under a mandatory Guidelines scheme, the residual clause of U.S.S.G. § 4B1.1 is void for vagueness." *Id.* at PageID 102-03.

In the Supplemental Report, the Magistrate Judge concluded the holding in *Beckles* is not limited to post-*Booker* advisory Guidelines; the Supreme Court nowhere adopts or adverts to the distinction Costello urges. Nor is the rationale of *Beckles* as narrow as Costello suggests. The Supplemental Report noted that Justice Thomas writes that the basis of the void-for-vagueness doctrine is that a vague criminal statute "fail[s] to give ordinary people fair notice of the conduct it punishes fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Beckles* at *10, *citing Johnson, supra. Johnson,* in contrast, found a portion of a statute – the Armed Career Criminal Act – to be unconstitutionally vague.

The Supplemental Report noted that even the mandatory Guidelines were not addressed to "ordinary people" and did not limit absolutely the discretion of judges to depart upward or downward from the Guideline range. Costello actually received a sentence of seven years on the armed bank robbery count which carried a maximum of twenty-five years. At sentencing Judge

Dlott found Costello was a career offender and the Guideline range for Count 2 was 188 to 235 months (Transcript, ECF No. 47, PageID 65).  His lawyer argued that, while he was technically a career offender, his predicate offenses happened on the same day and without the career offender's designation, his Guideline range on the bank robbery would have been 70 to 87 months. *Id.* at PageID 74.  He then asked for a downward departure.  He received a downward departure of nine offense levels with a consequent Guideline range of 84 to 105 months and then a sentence at the low end of that range of 88 months. *Id.* at PageID 78.  Costello's suggested distinction of the mandatory from the advisory Guidelines is not persuasive.

While Justice Thomas does use the phrase "advisory Guidelines" at several places in Beckles, there is no indication he is using the word "advisory" as anything other than a descriptor.  As the Magistrate Judge stated in the Supplemental Report, *Beckles* nowhere makes the distinction on which Tunstall relies or indeed anywhere distinguishes between the Guidelines before and after *Booker*.  And the Court expressly held "that §4B1.2(a)'s residual clause is not void for vagueness." 197 L. Ed. 2d at **17.

The Supreme Court granted certiorari in *Beckles* to determine whether the vagueness doctrine applied at all to the Guidelines.

> The Supreme Court, however, has not yet determined whether *Johnson* also dooms the Guidelines' residual clause, and there are respectable constitutional arguments that the vagueness doctrine does not apply to the advisory Guidelines. The Supreme Court has agreed to resolve the point next Term in *Beckles v. United States*, No. 15-8544, 136 S. Ct. 2510, 195 L. Ed. 2d 838, 2016 U.S. LEXIS 4142, 2016 WL 1029080 (U.S. June 27, 2016) (Mem.).

*In re Embry*, 831 F.3d 377, 378 (6th Cir. 2016).  The Supreme Court did just that, deciding the vagueness doctrine does not apply to the Guidelines residual clause.  It did not carve out for

3

separate treatment the Guidelines before *Booker*. *Beckles* provides no basis for this Court to do so.

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that Mr. Costello's Amended Motion to Vacate under 28 U.S.C. § 2255 be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

April 3, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).