# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

|  |  |  |  |
|---|---|---|---|
| | Plaintiff, | : | Case No. 1:02-cr-089 |
| | | | Also 1:16-cv-584 |
| | | | |
| | | | District Judge Susan J. Dlott |
| -  vs  - | | | Magistrate Judge Michael R. Merz |

JASON COSTELLO,

|  |  |  |
|---|---|---|
| | Defendant. | : |

---

## ORDER WITHDRAWING PRIOR REPORTS AND REQUIRING AN ANSWER

---

This § 2255 case is before the Court on Petitioner's Objections (ECF No. 60) to the Magistrate Judge's Second Supplemental Report and Recommendations recommending that Defendant's Amended Motion to Vacate be dismissed with prejudice (ECF No. 59). District Judge Dlott has recommitted the matter for reconsideration in light of the Objections (Recommittal Order, ECF No. 64).

**Procedural History**

Jason Costello was convicted in this case of bank robbery in violation of 18 U.S.C. § 2013) and use of a firearm in furtherance of that bank robbery, in violation of 18 U.S.C. § 924; he was sentenced to 204 months imprisonment (Judgment, ECF No. 35). Costello took no

1

appeal, but commenced the instant § 2255 proceedings on May 27, 2016 (Motion, ECF No. 38; Amended Motion, ECF No. 43). The Amended Motion states one ground for relief, to wit, "because at least one of his prior convictions relied on the residual clause of the Career Offender Guidelines, his sentence is invalid." *Id.* at PageID 43. Elaborating, he contended that "none of his Ohio aggravated robbery convictions qualify without the residual clause in place." *Id.* at PageID 45, citing *United States v. Bilal*, 610 Fed. Appx. 569 (6th Cir. 2015), and *United States v. Patterson*, 2015 U.S. Dist. LEXIS 129256 (N.D. Ohio Sept. 25, 2015), rev'd., 2017 U.S. App. LEXIS 5743 (6th Cir. Apr. 3, 2017).

On initial review, the Magistrate Judge ordered the United States to answer (ECF No. 44), but then stayed the case on motion of the United States pending decision of *Beckles v. United States*, Sup. Ct. Case No. 15-8544 (ECF No. 51). Noting the decision of that case in *Beckles v. United States*, 137 S. Ct. 886, 197 L. Ed. 2d 145 (2017), the Magistrate Judge vacated the stay (ECF No. 52). In the same Order, the Magistrate Judge concluded "the Supreme Court decided Beckles in a way that is fatal to Mr. Costello's claim by deciding that "the [Sentencing] Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in §4B1.2(a)(2) therefore is not void for vagueness." *Id.* at *11" and recommended the § 2255 proceedings be dismissed with prejudice (ECF No. 52, PageID 101).

Costello objected that *Beckles* applied only to the advisory Sentencing Guidelines as they apply after *United States v. Booker*, 543 U.S. 220 (2005), and he was sentenced pre-*Booker* when the Guidelines were mandatory. The Magistrate Judge rejected that argument in the Second Supplemental Report and Recommendations (ECF No. 59) to which the pending Objections apply.

# Analysis

The Magistrate Judge has had occasion to revisit the question of whether the mandatory Sentencing Guidelines are unconstitutionally void for vagueness and concluded that they are. *United States v. Tunstall*, 2017 U.S. Dist. LEXIS 70635 (S.D. Ohio May 9, 2017). On the basis of the reasoning in Tunstall, the prior Reports and Recommendations in this case (ECF Nos. 52, 55, and 59) are WITHDRAWN.

Accordingly, it is hereby ORDERED that the United States Attorney shall, not later than June 10, 2017, file an answer conforming to the requirements of Rule 5 of the Rules Governing § 2255 Cases. Specifically, said answer shall respond to each allegation made in the Motion, raise any affirmative defenses available to the United States, and state whether Defendant has previously received an evidentiary hearing on any of the matters he now raises or whether he is entitled, in the Government's view, to an evidentiary hearing in this proceeding. Defendant may, not later than twenty-one days after the Answer is filed, file and serve a reply or traverse to the Answer.

May 17, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge