# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :        Case No. 1:02-cr-089
                                          Also 1:16-cv-584

                                          District Judge Susan J. Dlott
   - vs -                             Magistrate Judge Michael R. Merz

JASON COSTELLO,

                Defendant.      :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Amended Motion to Vacate pursuant to 28 U.S.C. § 2255 (ECF No. 43). On Motion of the United States (ECF No. 50), the Magistrate Judge held the case in abeyance pending decision by the United States Supreme Court in *Beckles v. United States*, Sup. Ct. Case No. 15-8544 (ECF No. 51). When *Beckles* was decided, the Magistrate Judge vacated the stay and recommended the Motion be dismissed with prejudice (ECF No. 52).

For reasons set forth in *United States v. Tunstall*, 2017 U.S. Dist. LEXIS 70635 (S.D. Ohio May 9, 2017), the Magistrate Judge has become persuaded that the mandatory Sentencing Guidelines as they applied in federal court before *United States v. Booker*, 543 U.S. 220 (2005), are unconstitutionally vague, per the reasoning of the Supreme Court in *Johnson v. United*

1

*States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), and of the Sixth Circuit in *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016).

Based on that conclusion, the Magistrate Judge withdrew the prior Reports and Recommendations in this case and ordered the United States to answer the Amended Motion (Order, ECF No. 65). The United States has done so (ECF No. 66) and Defendant has filed a Reply (ECF No. 67). The Amended Motion is thus ripe for decision on the merits.

Costello's Amended Motion states that he was convicted March 31, 2003, of bank robbery in violation of 18 U.S.C. § 2113 and use of a firearm in furtherance of a bank robbery in violation of 18 U.S.C. § 924. He was sentenced to 120 months confinement on the bank robbery count and a consecutive 84 months on the firearms count (Minutes, ECF No. 34; Judgment, ECF No. 35). Costello took no appeal and nothing else was filed in the case until his Motion to Vacate was filed May 27, 2016.

Costello was sentenced as a career offender under the Sentencing Guidelines which require two qualifying predicate convictions. Costello claims that his prior convictions under Ohio law for aggravated robbery do not qualify without the residual clause in place (ECF No. 43, citing *United States v. Bilal*, 610 Fed. Appx. 569 (6th Cir. 2015), and *United States v. Patterson*, 2015 U.S. Dist. LEXIS 129256 (N.D. Ohio Sep 25, 2015)).

The Presentence Investigation Report ("PSR") shows that Costello was convicted in the Warren County Common Pleas Court on July 9, 1992, on one count of aggravated robbery with a firearm specification (¶42). On October 12, 1992, he was again convicted of aggravated robbery with a firearm specification. *Id.* at ¶ 44. Judge Dlott accepted the PSR and neither party had any objection to it (Transcript, ECF No. 47, PageID 61, 63). The PSR recommended a finding that Mr. Costello was a career offender because he had "at least two prior felony convictions of either

a crime of violence or a controlled substance offense." PSR at ¶ 51. However, Judge Dlott mentioned only the "crimes of violence" predicate offenses (Transcript, ECF No. 47, PageID 64). Costello's counsel mentioned that both aggravated robberies had occurred on the same day, April 5, 1992, and suggested it was somewhat severe to characterize a person as a career criminal on the basis of a one-day crime spree. *Id.* at PageID 74. There was no argument, however, that the two offenses did not count as violent felonies. Judge Dlott departed from the recommended offense level of 31 to an offense level of 22 on the basis of Mr. Costello's substantial assistance. *Id.* at PageID 78.

In its Answer, the United States did not respond to the substance of Defendant's claims, but relied on arguments that the vagueness doctrine does not apply to the Sentencing Guidelines and that any such application on collateral review would be barred by *Teague v. Lane*, 489 U.S. 288 (1989).

Mr. Costello replies that the Government has waived any substantive arguments by not raising them in its Answer (Reply, ECF No. 67, PageID 183-84, relying on *Hunter v. United States*, 160 F.3d 1109 (6th Cir. 1998)). In *Hunter* the defendant had entered into a plea agreement which included an appeal waiver. When he later sought and was denied relief under 28 U.S.C. § 2255, the Government was precluded from asserting the appeal waiver for the first time on appeal. Judge Ryan wrote

> [A]s with any other argument, the government can forfeit a waiver argument by failing to raise it in a timely fashion. See *United States v. Canady*, 126 F.3d 352, 359 (2d Cir. 1997); *Shukwit v. United States*, 973 F.2d 903, 904 (11th Cir. 1992); cf. *Doe v. United States,* 51 F.3d 693, 697-99 (7th Cir. 1995).

160 F.3d at 1110. This is consistent with other habeas law. For example, a defense of the bar of the statute of limitations is waived if not raised in an answer. See *Day v. McDonough*, 547 U.S.

3

198 (2006); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002). Therefore this Court does not analyze the substance of Defendant's arguments. The Magistrate Judge would note, however, that *United States v. Patterson*, *supra*, has been reversed in a published opinion by the Sixth Circuit at 853 F.3d 298 (2017).

The Magistrate Judge rejects both of the Government's procedural defenses. For reasons explained in *United States v. Tunstall*, *supra*, and a subsequent opinion in the same case reported at 2017 U.S. Dist. LEXIS 92734 (S.D. Ohio June 16, 2017), the Magistrate Judge concludes that the vagueness doctrine applies to the mandatory pre-*Booker* Sentencing Guidelines because they are sufficiently like a statute in the way they constrain judicial discretion and that the residual clause of the Guideline Career Offender requirement, which is textually the same as the clause declared unconstitutionally vague in *Johnson*, *supra*, is also unconstitutionally vague. Because that is a substantive change in the law, made retroactively applicable on collateral review by the Supreme Court, Costello's challenge is not barred by *Teague*, *supra*. See *Welch v. United States*, 576 U.S. ___, 136 S. Ct. 1257 (April 18, 2016); *In re: Windy Watkins*, 810 F.3d 375 (6th Cir. 2015). The holding of the Sixth Circuit in *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016), that the residual clause of the career offender Sentencing Guideline is unconstitutional on the same basis as *Johnson* is not abrogated by *Beckles v. United States*, 137 S. Ct. 886, 197 L. Ed. 2d 145 (2017), because *Beckles* applies only to the advisory Sentencing Guidelines after *Booker*.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that Costello's Amended § 2255 Motion be GRANTED, that his sentence be VACATED, and that he be sentenced anew.

June 21, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).